UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JENNIFER CAMPAGNA, | Case No. 2:21-CV-581 JCM (VCF) |
| Plaintiff(s), | ORDER |
| v. | |
| ARROWEYE SOLUTIONS, INC., et al., | |
| Defendant(s). | |

Presently before the court is defendant Mica Moseley's ("Moseley") motion to dismiss. (ECF No. 9). Plaintiff Jennifer Campagna ("plaintiff") filed a response (ECF No. 18), to which Moseley replied (ECF No. 28).

Also before the court is defendant Arroweye Solutions, Inc.'s ("Arroweye") motion to dismiss. (ECF No. 10). Plaintiff filed a response (ECF No. 19), to which Arroweye replied (ECF No. 30).

Also before the court is defendant Gina Ciampaglio's ("Ciampaglio") (together with Moseley and Arroweye "defendants") motion to dismiss. (ECF No. 12). Plaintiff filed a response (ECF No. 17), to which Ciampaglio replied (ECF No. 29).

**I.  Background**

This employment matter arises from plaintiff's demotion and subsequent "constructive discharge" after taking FMLA leave in the summer of 2020 to care for her twin babies.

Plaintiff began working for Arroweye as a client services specialist in October of 2017. (ECF No. 1 ¶ 18). By January of 2020, Arroweye's then vice president, Moseley, had promoted plaintiff to the position of full-time marketing coordinator. (*Id.* ¶¶ 19–23).

James C. Mahan
U.S. District Judge

Plaintiff alleges that on or around May 28, 2020, she applied for "short term disability," and shortly thereafter requested leave under the FMLA. (*Id.* ¶¶ 25–26). Arroweye's director of human resources, Ciampaglio, then reviewed and approved plaintiff's FMLA leave. Eleven weeks later, with just days left on plaintiff's FMLA leave, Ciampaglio informed plaintiff that Arroweye was eliminating her position and that she would be required to take a demotion with reduced pay. (*Id.* ¶¶ 31–35).

Plaintiff, feeling that she had no choice due to her family and medical situation, accepted the demotion on August 17, 2020. (*Id.* ¶ 38). However, after returning to work, defendants denied plaintiff's request for a private space to pump breast milk and subsequent request to work from home as others were allowed to do so in her same position. (*Id.* ¶¶ 39–43). "Due to this unworkable situation," plaintiff alleges that defendants constructively discharged her, forcing her to resign on September 28, 2020. (*Id.* ¶ 44).

In April of 2021, plaintiff brought this action, asserting claims for violations of the Family and Medical Leave Act ("FMLA") against all defendants, violation of Nevada Pregnant Worker's Fairness Act against Arroweye, and intentional infliction of emotional distress ("IIED") against all defendants. (ECF No. 1).

Defendants now each move for dismissal of the claims against them for failure to state a claim for relief. (ECF Nos. 9, 10, 12).

**II.     Legal Standard**

Federal Rule of Civil Procedure 8 requires every pleading to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8. Although Rule 8 does not require detailed factual allegations, it does require more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). In other words, a pleading must have *plausible* factual allegations that cover "all the material elements necessary to sustain recovery under *some* viable legal theory." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562 (2007) (citation omitted) (emphasis in original); *see also Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).

**James C. Mahan**
**U.S. District Judge**

The Supreme Court in *Iqbal* clarified the two-step approach to evaluate a complaint's legal sufficiency on a Rule 12(b)(6) motion to dismiss.  First, the court must accept as true all well-pleaded factual allegations and draw all reasonable inferences in the plaintiff's favor. *Iqbal*, 556 U.S. at 678–79.  Legal conclusions are not entitled to this assumption of truth. *Id.*  Second, the court must consider whether the well-pleaded factual allegations state a plausible claim for relief. *Id.* at 679.  A claim is facially plausible when the court can draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678.  When the allegations have not crossed the line from conceivable to plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570; *see also Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

Under Federal Rule of Civil Procedure 15(a), the court should "freely" grant leave to amend "when justice so requires," and absent "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments . . . undue prejudice to the opposing party . . . futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).  The court should grant leave to amend "even if no request to amend the pleading was made." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal quotation marks omitted).

**III.  Discussion**

While defendants each move to dismiss the claims against them, their motions, plaintiff's responses, and defendants' replies assert near identical arguments.  Thus, the court determines all three motions concurrently.

 A. <u>Plaintiff's violation of the Nevada Pregnant Worker's Fairness Act claim against Arroweye</u>

Arroweye argues that plaintiff failed to exhaust her administrative remedies and thus cannot proceed on her Nevada Pregnant Worker's Fairness Act claim.  However, plaintiff has since produced her right to sue letter from the Nevada Equal Rights Commission.  (ECF No. 46-1).  Thus, she has exhausted her administrative remedies.

Therefore, the court DENIES as moot Arroweye's motion as to plaintiff's violation of the Nevada Pregnant Worker's Fairness Act claim.

**James C. Mahan**
**U.S. District Judge**

B. <u>Plaintiff's FMLA claims against all defendants</u>

The parties agree that plaintiff's FMLA claim is an umbrella claim for two theories of FMLA violations: interference, and discrimination and retaliation.

*1. Plaintiff's FMLA interference claim*

"To make out a prima facie case of FMLA interference, an employee must establish that (1) he was eligible for the FMLA's protections, (2) his employer was covered by the FMLA, (3) he was entitled to leave under the FMLA, (4) he provided sufficient notice of his intent to take leave, and (5) his employer denied him FMLA benefits to which he was entitled." *Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236, 1243 (9th Cir. 2014) (internal quotations omitted).

Defendants do not challenge that plaintiff satisfies the first four elements. Instead, they argue that plaintiff fails to allege they specifically denied plaintiff FMLA benefits to which she was entitled. Defendants are mistaken.

Plaintiff alleges that defendants each failed to reinstate her to her original or equivalent position, instead demoting her to a position with significantly less pay. (*See* ECF No. 1 ¶ 53). Further, plaintiff alleges that just before her FMLA leave expired, Arroweye eliminated her position and offered her the demoted position of client service specialist. (*Id.* ¶ 31–33).

As to Ciampaglio, plaintiff alleges that she is the corporate director of human resources at Arroweye, controlled plaintiff's ability to return to work and under what conditions, and sent her nearly every communication regarding plaintiff's leave and employment. (*Id.* ¶ 59). However, even taking these allegations as true, plaintiff does not allege that Ciampaglio had the ability to terminate or preserve plaintiff's former position, nor that she had the ability to dictate plaintiff's pay. That Ciampaglio communicated Arroweye's employment decisions to plaintiff does not mean she interfered with plaintiff's right to reinstatement. Thus, plaintiff fails to establish a prima facie case against Ciampaglio.

As to Moseley, plaintiff alleges that he is the senior vice president of sales and business development at Arroweye, was directly responsible for promoting her to her pre-FMLA leave position and salary, and was plaintiff's direct supervisor who managed her day-today duties and operations. (*Id.* ¶¶ 23, 60). Plaintiff also alleges that Moseley informed her that her role was

James C. Mahan
U.S. District Judge

- 4 -

being temporarily outsourced and required her to spend several hours working to provide Arroweye with passwords related to her work. (*Id.* ¶ 29–30).

Plaintiff thus alleges that while she was on FMLA leave, Moseley and Arroweye outsourced her position and then eliminated it entirely before offering her another position with significantly less pay where Moseley would remain her direct supervisor. These allegations, taken as true and viewed in the light most favorable to plaintiff, establish a prima facie claim of FMLA interference against Moseley and Arroweye for denying plaintiff her right to reinstatement. *See Sanders v. City of Newport*, 657 F.3d 772, 778 (9th Cir. 2011) ("[E]vidence that an employer failed to reinstate an employee who was out on FMLA leave to her original (or an equivalent) position establishes a prima facie denial of the employee's FMLA rights.").

Therefore, the court GRANTS Ciampaglio's motion and DENIES Moseley's and Arroweye's motions as to plaintiff's FMLA interference claim.

### 2. *Plaintiff's FMLA discrimination and retaliation claim*

Under the FMLA, it is unlawful "for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this subchapter." 29 U.S.C. § 2615(a)(2). To establish a prima facie case of retaliation under § 2615(a)(2), Plaintiff must establish: (1) she engaged in a protected activity under the FMLA; (2) she suffered some adverse employment action by the employer following the protected activity; and (3) the adverse employment action was causally linked to the protected activity. *See Douglas v. Dreamdealers USA, LLC*, 416 F. Supp. 3d 1063, 1075 (D. Nev. 2019).

Yet, "the anti-retaliation or anti-discrimination provisions do not cover visiting negative consequences on an employee simply because [she] has used FMLA leave." *See Bachelder v. America West Airlines, Inc.*, 259 F.3d 1112, 1124 (9th Cir. 2001). "Such an action, instead, covered under § 2615(a)(1), the provision governing 'Interference [with the] Exercise of rights.' " *Id.* (citing *Diaz v. Ft. Wayne Foundry Corp.*, 131 F.3d 711, 712 (7th Cir. 1997)).

Defendants correctly argue that plaintiff does not allege that she opposed their allegedly unlawful conduct. (ECF Nos. 9 at 7; 10 at 9; 12 at 7). While plaintiff *argues* that she opposed defendants' demoting her, refusing her request for a private space to pump breast milk, and

refusing her request to work from home when others were allowed to do so in her same position, she does not allege any such opposition in her complaint.

Accordingly, the court GRANTS defendants' motions as to plaintiff's FMLA retaliation and discrimination claim.[1]

### C.  Plaintiff's IIED claim against all defendants

To establish a cause of action for IIED under Nevada law, a plaintiff must establish: (1) that the defendant's conduct was extreme and outrageous; (2) that the defendant either intended or recklessly disregarded the causing of emotional distress; (3) that the plaintiff actually suffered severe or extreme emotional distress; and (4) that the defendant's conduct actually or proximately caused the distress.  *Olivero v. Lowe*, 995 P.2d 1023, 1025 (Nev. 2000).  "[E]xtreme and outrageous conduct is that which is outside all possible bounds of decency and is regarded as utterly intolerable in a civilized community." *Maduike v. Agency Rent-A-Car*, 953 P.2d 24, 26 (Nev. 1998) (quotation omitted).

Defendants argue that plaintiff fails to allege particular facts to show anything more than a "simple pleading of personnel management activity," which "is insufficient to support a claim of [IIED], even if improper motivation is alleged." *See Welder v. University of Southern Nevada*, 833 F. Supp.2d 1240, 1245 (D. Nev. 2011) (quoting *Janken v. GM Hughes Elec.*, 46 Cal. App. 4th 55, 80 (Cal. 1996)).

Plaintiff argues that she alleges enough for her IIED claim to survive dismissal.  The court agrees as to her allegations against Moseley and Arroweye.  While the allegations of defendants' demoting her do not necessarily rise to the level of IIED, plaintiff has also alleged that defendants threatened her health insurance and employment just after she give birth to newborn babies who required extensive medical treatment in the NICU.  (ECF No. 1 ¶ 86).  She has also alleged that defendants refused to allow her to work from home during the COVID-19 pandemic despite her having two newborn children at risk of infection while they allowed others in the same position to work from home.  (*Id.* ¶ 87).

---

[1] As this dismissal—and that of the interference claim against Ciampaglio—is due to the inadequacy of pleading facts that plaintiff could reasonably allege, the court grants plaintiff's request for leave to amend.

James C. Mahan
U.S. District Judge

- 6 -

Thus, defendants forced plaintiff into making the impossible decision of risking her newborn babies' health by coming into work during a pandemic or losing the health insurance and job that funded her newborns' NICU medical treatment. This goes far beyond an allegation that defendants' conduct hurt plaintiff's feelings. Further, taken as true and viewed in the light most favorable to plaintiff, the specific allegations of emotional distress from emotional pain and suffering, mental anguish, and lost enjoyment of life are enough evidence of severe emotional distress for this claim to survive dismissal. (*Id.* ¶ 89).

Yet, as with plaintiff's FMLA interference claim, plaintiff does not allege any specific conduct from Ciampaglio that constitutes IIED. Communicating decisions regarding plaintiff's employment does not alone constitute extreme or outrageous conduct on behalf of the messenger. Therefore, the court GRANTS Ciampaglio's motion and DENIES Moseley's and Arroweye's motions as to plaintiff's IIED claim.

**IV.    Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Moseley's motion to dismiss (ECF No. 9) be, and the same hereby is, GRANTED in part and DENIED in part. Plaintiff's FMLA retaliation and discrimination claim against Moseley is dismissed without prejudice; her FMLA interference claim and IIED claim remain.

IT IS FURTHER ORDERED that Arroweye's motion to dismiss (ECF No. 10) be, and the same hereby is, GRANTED in part and DENIED in part. Plaintiff's FMLA retaliation and discrimination claim against Arroweye is dismissed without prejudice; her FMLA interference claim, Violation of Nevada Pregnant Worker's Fairness Act claim, and IIED claim remain.

IT IS FURTHER ORDERED that Ciampaglio's motion to dismiss (ECF No. 12) be, and the same hereby is, GRANTED. Plaintiff's claims against Ciampaglio are dismissed without prejudice.

. . .

. . .

. . .

James C. Mahan
U.S. District Judge

- 7 -

Per her request, the court grants plaintiff 21 days to amend her complaint. Should plaintiff choose not to amend, those claims dismissed without prejudice shall be dismissed with prejudice.

DATED March 29, 2022.

_____
UNITED STATES DISTRICT JUDGE