**HONE LAW**
Jill Garcia, NV Bar No. 7805
jgarcia@hone.law
701 N. Green Valley Parkway, Suite 200
Henderson, NV 89074
Phone   702-608-3720
Fax       702-608-7814

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JENNIFER CAMPAGNA, an individual, | Case No. 2:21-cv-00581-JCM-VCF |
| Plaintiff, | |
| v. | [~~PROPOSED~~] PROTECTIVE ORDER |
| ARROWEYE SOLUTIONS, INC., a Delaware corporation; MICA MOSELEY, an individual; DOES I through X, inclusive; and ROE BUSINESS ENTITIES, I through X, inclusive, | |
| Defendants. | |

Plaintiff Jennifer Campagna ("Plaintiff" or "Campagna") and Defendants Arroweye Solutions, Inc. ("Arroweye") and Mica Moseley ("Moseley," collectively "Defendants"), by and through their respective counsel, have agreed to and have submitted to the Court, and for good cause shown the Court hereby enters, the following Protective Order:

On or about December 14, 2022, third party The Fletcher Group produced documents pursuant to a Subpoena, bates labeled FLETCHER000001-FLETCHER000108. Included within the documents were a contracts and invoices that contain amounts agreed upon between The Fletcher Group and Arroweye for work performed, as well as invoices containing the amounts invoiced by The Fletcher Group. The Fletcher Group redacted these amounts, as it believes these amounts to be confidential business information.

In order to allow The Fletcher Group to provide unredacted information, and still maintain its confidential business information on pricing, the parties enter into this Protective Order.

///

1

It is hereby ordered by the Court that the following restrictions and procedures shall apply to certain information, documents and excerpts from documents supplied by the parties to each other in response to discovery requests:

Counsel for The Fletcher Group or Arroweye may designate any document containing confidential business information as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client. Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL." "Confidential" information or documents may be referred to collectively as "confidential information."

Unless ordered by the Court, or otherwise provided for herein, the Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the above-captioned action.

In the event a party challenges another party's confidential designation, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may thereafter seek resolution by the Court. The burden of establishing proper designation as confidential shall be on the party claiming that it is confidential. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party specifically reserves the right to object to the use or admissibility of all Confidential Information disclosed, in accordance with applicable law and Court rules.

Information or documents designated as "confidential" shall not be disclosed to any person, except:

  a. The requesting party and counsel, including in-house counsel;

  b. Employees of such counsel assigned to and necessary to assist in the litigation;

  c. Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel;

  d. Any person from whom testimony is taken or is to be taken in these actions, except that such a person may only be shown that Confidential Information during and in preparation for his/her testimony and may not retain the

      Confidential Information; and

  e. The Court (including any clerk, stenographer, or other person having access to any Confidential Information by virtue of his or her position with the Court) or the jury at trial or as exhibits to motions.

  Prior to disclosing or displaying the Confidential Information to any person, counsel shall:

  f. inform the person of the confidential nature of the information or documents; and

  g. inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of that information or documents to any other person.

  The Confidential Information may be displayed to and discussed with the persons identified in Paragraphs 4(c) and (d) only on the condition that prior to any such display or discussion, each such person shall be asked to sign an agreement to be bound by this Order in the form attached hereto as **Exhibit A**. In the event such person refuses to sign an agreement in the form attached as Exhibit A, the party desiring to disclose the Confidential Information may seek appropriate relief from the Court.

  The disclosure of a document or information without designating it as "confidential" shall not constitute a waiver of the right to designate such document or information as Confidential Information provided that the material is designated pursuant to the procedures set forth herein no later than the latter of fourteen (14) days after the close of discovery or fourteen (14) days after the document or information's production. If so designated, the document or information shall thenceforth be treated as Confidential Information subject to all the terms of this Stipulation and Order.

  All information subject to confidential treatment in accordance with the terms of this Stipulation and Order that is filed with the Court, and any pleadings, motions or other papers filed with the Court disclosing any Confidential Information, shall be filed under seal to the extent permitted by law (including without limitation any applicable rules of court) and kept



1  under seal until further order of the Court. To the extent the Court requires any further act by the
2  parties as a precondition to the filing of documents under seal (beyond the submission of this
3  Stipulation and Order Regarding Confidential Information), it shall be the obligation of the
4  producing party of the documents to be filed with the Court to satisfy any such precondition. A
5  party seeking to file a confidential document under seal must file a motion to seal and must
6  comply with LR IA 10-5 and the Ninth Circuit's directives in *Kamakana v. City and County of*
7  *Honolulu,* 447 F.3d 1172 (9th Cir. 2006). Where possible, only confidential portions of filings
8  with the Court shall be filed under seal.
9  / / /
10 / / /
11 / / /
12 / / /
13 / / /
14 / / /
15 / / /
16 / / /
17 / / /
18 / / /
19 / / /
20 / / /
21 / / /
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /



At the conclusion of litigation, the Confidential Information and any copies thereof shall be promptly (and in no event later than thirty (30) days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain confidential. The foregoing is entirely without prejudice to the right of any party to apply to the Court for any further Protective Order relating to confidential information; or to object to the production of documents or information; or to apply to the Court for an order compelling production of documents or information; or for modification of this Order. This Order may be enforced by either party and any violation may result in the imposition of sanctions by the Court.

Dated this 9th day of January 2023.                                    Dated this 9th day of January 2023.

HONE LAW                                                                           GORDON REES SCULLY MANSUKHANI, LLP

/s/Jill Garcia                                                                          /s/Dione C. Wrenn
Jill Garcia, NV Bar No. 7805                                             Linh Hua (admitted *pro hac vice*)
jgarcia@hone.law                                                              Dione C. Wrenn, NV Bar No. 13285
701 N. Green Valley Parkway, Suite 200                          jowens@alversontaylor.com
Henderson NV 89074                                                        300 South 4th Street, Ste 1550
                                                                                              Las Vegas, NV 89101
*Attorneys for Plaintiff*
*Jennifer Campagna*
                                                                                              *Attorneys for Defendants Arroweye*
                                                                                              *Solution, Inc. and Mica Moseley*

**IT IS SO ORDERED.**

Dated:  1-10-2023

_____
UNITED STATES MAGISTRATE JUDGE



# EXHIBIT A

# CONFIDENTIALITY AGREEMENT

# EXHIBIT "A"

# CONFIDENTIALITY AGREEMENT

I, _____ do hereby acknowledge and agree as follows:

1. I have received and read the Protective Order entered in the matter entitled *Campagna v Arroweye Solutions, Inc. et al*, Case No. 2:21-cv-00581-JCM-VCF , pending before the United States District Court, District of Nevada, of which the form of this Confidentiality Agreement ("Agreement") is an attachment.

2. I understand the terms and provisions of the Protective Order and agree to be bound by and to strictly adhere to all of its terms and provisions.

3. I hereby submit to the jurisdiction of the United States District Court, District of Nevada, solely for the purpose of enforcement of the Protective Order.

Dated the \_\_\_\_ day of _____ 2023.

_____
[Signature]

_____

_____

_____
[Printed Name, Address, Telephone Number]

